IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL GALE WORTH                                                PLAINTIFF

v.                          Civil No. 1:20-cv-01062

CAPTAIN RICHARD MITCHAM,
Jail Administrator; NURSE SHERRI RICE;
and DOCTOR HOPKINS                                     DEFENDANTS

**ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this action.

Plaintiff filed her Complaint on November 17, 2020, proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 5, 6). An Amended Complaint was filed on December 10, 2020. (ECF No. 4). On April 20, 2021, the Court entered an Order directing Plaintiff to notify the Court of her current address by May 4, 2021.[1] (ECF No. 13). Plaintiff was advised that "[f]ailure to do so may result in the dismissal of this action." (ECF No. 13).

On May 6, 2021, the Order (ECF No. 13) was returned to the Court marked "return to sender, not deliverable as addressed, unable to forward." (ECF No. 14). The envelope was further marked "RTS." (*Id.*). The Court has no new address for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

---

[1] Plaintiff had another similar pending lawsuit in this Court. *Worth v. Mitcham, et al.,* 1:20-cv-01054. On March 18, 2021, mail addressed to Plaintiff in that case began being returned to the Court marked "return to sender, not deliverable as addressed, unable to forward." The Order entered on April 20, 2021, in the instant case was due to several items of returned mail, with no new address for the Plaintiff, in the other matter. (ECF No. 13).

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

More than thirty (30) days have passed since mail sent to Plaintiff at her address of record was returned as undeliverable. Plaintiff has failed to keep the Court informed of her current address and failed to prosecute this case. Therefore, pursuant to Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 21st day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge